ALICE BARRETT, Appellee, v. UNITED STATES RAILROAD ADMINIS-
TRATION et al., Appellants.

RAILROADS: Accidents at Crossings—Contributory Negligence. Record held to show plaintiff's freedom from contributory negligence.

RAILROADS: Accidents at Crossings—Issue as to Signals. Testimony to the effect that a party was in a mental attitude to hear the required crossing signals and did *not* hear them, met by positive testimony that such signals *were* given, presents a jury question on the issue whether such signals were given.

RAILROADS: Accidents at Crossings—Proximate Cause—Unexpected "Skidding" of Vehicle. Testimony that the driver of an automobile approached a railway crossing in the full consciousness that a train might momentarily be expected, and was accordingly prepared instantly to stop, and upon discovering the train, successfully applied the brakes, but that, owing to a concealed sheet of ice beneath the snow, the car skidded into contact with the train, establishes that such *skidding* was the proximate cause of the accident, and not the failure to give the statutory crossing signals, it further appearing that the record would not support a finding that the driver would have applied the brakes sooner, had the signals been given.

*Appeal from Poweshiek District Court.*—H. F. WAGNER, Judge.

JUNE 22, 1923.

REHEARING DENIED DECEMBER 14, 1923.

ACTION for damages for personal injuries resulting from a collision between plaintiff's automobile and the defendant's train, at a highway crossing. The defense was a general denial and a plea of contributory negligence. There was a verdict for the plaintiff, and judgment entered thereon. The defendant appeals.—*Reversed and remanded.*

*J. C. Gamble, R. L. Read,* and *Clyde McFarlin,* for appellants.

*R. J. Smith* and *F. M. Beatty,* for appellee.

EVANS, J.—The defendant in interest is the Chicago, Rock Island & Pacific Railroad Company. The accident occurred while the road of this defendant was under the operation of the United States railway administration. The collision occurred on the 8th day of December, 1919, at a crossing immediately contiguous to defendant's depot in the village of Gibson. The plaintiff was riding alone in her automobile. The day was cold and blustering in weather. The automobile was inclosed with curtains. The plaintiff was driving due north toward the depot crossing of the railway. The highway intersected the railway at right angles. A passenger train of the defendant's approached the same crossing from the west. The highway was crossed at this point by two tracks, known in the record as the main track and the sidetrack. The sidetrack ran parallel to the main track, and 45 feet south thereof. The collision resulted upon the second or main track crossing. On the west side of the highway, extending from the sidetrack for 220 feet to the south, was a group of' substantial buildings, situated largely upon the right of way of the defendant, which wholly obstructed the view of the highway in a westerly direction, to travelers going north. After entering upon this section of the highway, the traveler could obtain no view of the railroad track toward the west until he arrived at the sidetrack crossing. At

1. RAILROADS: accidents at crossings: contributory negligence.

the time in question, a box car also stood upon the sidetrack on the west side of the highway, and protruded a few feet into the highway. This added to the obstruction of the view, so that the plaintiff, at the time of the accident, could get no view to the west of an approaching train, until she had driven partly across the sidetrack, and passed the box car in question. Plaintiff was not unfamiliar with the location thereof, though she did not reside in that immediate vicinity. She had passed over the same crossing in the reverse direction earlier in the same day. So far as appears, the passenger train approached the depot on its scheduled time. The plaintiff knew the schedule, and was mindful of the possibility of the approaching train. As she approached the sidetrack crossing, she reduced the speed of her auto to 8 or 12 miles an hour, preparatory to stopping, in case of need. She had not as yet seen or heard any sign of such train. Immediately upon passing the box car on the sidetrack, she discovered the approaching train. It was then at about the same distance from the intersection as she was, which was about 40 feet. She immediately put on her brakes, and expected the car to stop, in response to the brakes. It did not stop, but carried her, helpless, in front of the train. The reason for this unexpected development was that the highway at this point was covered with ice, and the ice was hidden by a thin coating of snow; so that, though the action of the brakes promptly locked the wheels, yet this had but little effect upon the forward movement of the auto. Under its momentum, it moved forward over the ice quite as readily with locked wheels as it would have done if the brakes had not been set. This was the culminating circumstance which made the collision.

The passenger train was approaching the depot under normal control, and at a speed not exceeding 15 miles an hour. The collision occurred close to the west end of the depot platform. The usual stop of the engine would be the length of the train farther east. It did stop after the collision, within 40 or 50 feet. The negligence charged against the railroad company was that it failed to whistle for the station, and failed to ring its bell. The proof of these failures offered by plaintiff, as against the positive testimony of the trainmen and others, was the un-

satisfactory evidence of witnesses who did not hear these required signals.

The contention of the defendant as appellant is:

(1)    That it was not negligent in any degree.

(2)    That, if it be deemed to have failed to sound whistle and bell, such failure contributed in no degree as a proximate cause of the collision.

(3)    That the plaintiff was guilty of contributory negligence, as a matter of law.

I.    An examination of the evidence satisfies us that the plaintiff should not be deemed guilty of contributory negligence, as a matter of law. Indeed, we think the evidence is quite conclusive that she was not guilty of contributory negligence, as a matter of fact, and that a jury would not have been warranted in finding otherwise. This feature of the defense may, therefore, be disregarded.

II.    Was the defendant guilty of any negligence which contributed as a proximate cause of the collision? As already suggested, the evidence for the plaintiff consists of the negative

2. RAILROADS: accidents at crossings: issue as to signals.

testimony of witnesses who did not hear. This is not satisfactory or persuasive, but it is the only kind ordinarily available to a plaintiff in such a case, and we have heretofore sustained it as sufficient to go to the jury. We must proceed, therefore, upon the theory that the defendant failed to give a statutory signal.

The controlling question, to our minds, is whether such failure sustained any relation of proximate cause to the collision; or whether the unlooked-for event of the "skidding" of the

3. RAILROADS: accidents at crossings: proximate cause: unexpected "skidding" of vehicle.

plaintiff's car was the sole proximate cause of the collision. If the latter be true, then the collision was one of those unavoidable accidents for which neither party was responsible.

As plaintiff approached the sidetrack crossing, she had the train and its schedule in mind, and reduced the speed of her auto for that reason, so that she had it apparently in perfect control. It would have been a perfect control, were it not for the icy condition of the ground at that place and her ignorance thereof. She had no intention of crossing the main line without first looking to the west for a train. She had all

the time a clear view to the east, and knew that no train was approaching from that direction. She did look to the west immediately, and did discover the train. She was 40 feet away, and mentally ready to stop her car. The icy surface and the skidding of the car were conditions which she had not foreseen or contemplated. These were the conditions which exposed her to the collision. Even so, her car had nearly cleared the track in front of the train, before she was struck. The train struck the rear half of the car, and threw the car to the north side. The evidence indicates that, if she had not attempted to stop her car at all, she would have cleared the crossing successfully. Assuming that the trainmen failed to give the station signals, in what way did such failure contribute proximately to the collision? Manifestly, the giving of such signals would not have ameliorated the unexpected conditions which rendered her helpless to prevent collision. In other words, would the giving of the signals have aided her in stopping her car upon the icy surface? The most that can be said is that, if she had heard the signals, she would have come to an earlier stop, where she was farther away. Can we assume, or could the jury assume, that, if the signals had been given, she would have stopped her car farther away than 40 feet? Why should she do so? If conditions had been in fact as she supposed them to be, she *could* readily and *would* have stopped her car, after crossing the side-track. Would it have been less prudent for her to stop her car 40 feet away from the track than to stop it 60 or 80 feet away therefrom? If she were riding in a horse-drawn vehicle, and were driving a timid or fractious horse, prudence would suggest that she should stop far enough away to avoid the risk of frightening her horse. But no such reason of prudence obtains in the use of inanimate horsepower. An automobile stopped 30 or 40 feet away is as safe, under ordinary conditions, as if stopped 100 feet away. It will be seen, therefore, that the question at this point is a decisive one. Proximate cause is a mixed question of law and fact. Is it sufficiently a question of fact, under the evidence in this case, to warrant submission to the jury? In other words, could a jury assume and could the court permit the jury to assume that, if the station signals had been given, the car would not have skidded over the ice onto the

track, or that the plaintiff would have stopped her car so far away that the car could not have so skidded? The jury could not properly pass upon such question arbitrarily. The burden was on the plaintiff to show that the collision was the proximate effect of the failure to give the train signals. If the record discloses no evidence of a causal connection, or if the evidence of plaintiff negatives a causal connection between the failure of the signals and the happening of the collision, the jury has no discretion to find otherwise. In such a case, it is the duty of the court, as a matter of law, to direct a nonsuit.

We cannot avoid the conclusion that this record contains no evidence upon which a finding of causal connection could be based. It follows that the defendant's motion for a directed verdict ought to have been sustained upon that ground, and that its motion for a new trial should have been sustained upon the same ground. The judgment below is, accordingly, reversed, and the cause remanded.—*Reversed and remanded.*

STEVENS, ARTHUR, FAVILLE, and DE GRAFF, JJ., concur.