CHARLES A. UPTON, Appellee, v. WALKER D. HINES, Director
General, Appellant.

RAILROADS: Accidents at Crossings—Negligence. Evidence held to
present a jury question on the issue of negligence of the driver of an
automobile at a railway crossing.

*Appeal from Boone District Court.*—R. M. WRIGHT, Judge.

MARCH 11, 1924.

ACTION to recover damages to an automobile, caused by a
collision between said automobile and a train upon a railway
crossing. A verdict was returned for the plaintiff, and the de-
fendant appeals.—*Affirmed.*

*Carr, Cox, Evans & Riley,* for appellant.

*Dyer, Jordan & Dyer* and *D. G. Baker,* for appellee.

FAVILLE, J.—The action arose out of an accident on a street
crossing in the town of Ogden. On the 6th day of November,
1918, appellee's son was driving appellee's automobile down a
street in the town of Ogden, when it was struck by a train of
the Minneapolis & St. Louis Railway Company, which was mov-
ing in a northerly direction. The case has been in this court
once before. *Upton v. Hines,* 193 Iowa 385.

On the former appeal, it appeared that the trial court sus-
tained the defendant's motion for a directed verdict, made at
the close of plaintiff's evidence. Thereafter, the trial court sus-
tained plaintiff's motion for a new trial, and the defendant ap-
pealed. The question involved on that appeal was whether or
not the trial court had abused its discretion in granting a new
trial; and of necessity there was involved the question as to
whether or not the court erred in setting aside its order direct-
ing a verdict in behalf of the defendant. We therein reviewed
at considerable length the facts in the case and the law as ap-
plicable thereto, and held that the court did not abuse its discre-

tion in granting a new trial, and that the case was a proper one for submission to the jury. Upon a retrial of the cause, the evidence was substantially the same as upon the former trial and as set out in the opinion of this court. It is unnecessary that we recite the facts again, as the salient features are sufficiently stated in the opinion on the former appeal.

It is now contended by appellant that, under the "physical-facts" rule, the driver of the car, appellee's son, should be held to have been guilty of contributory negligence as a matter of law, and that the court should have sustained appellant's motion for a directed verdict. Photographs were taken and measurements made after the accident, and it is urged by appellant that, in view of the physical facts disclosed, if the driver of the car had looked at the time and place testified to by him, he must have seen the approaching train in time to have avoided the collision, and that he was guilty of contributory negligence in going upon the railway track under the circumstances.

We think that, under all of the facts and conditions as shown by the record in regard to the location of the tracks and the obstructions near the sidetrack caused by the elevator, the pile of tile, the box cars, and the tree, and in view of the fact that it was a foggy morning, and that there was evidence that the smoke of a passing train on another railroad track near the scene of the accident might have obstructed to some extent the vision of the driver, and in view of the testimony of the driver and the passenger accompanying him, and of all of the other facts and circumstances as disclosed by the evidence, the court would not have been warranted in holding, as a matter of law, that the driver of the car was guilty of contributory negligence. The physical facts as disclosed by the record are not such that it must be held, as a matter of law, that the driver was so guilty.

In this connection, we are not unmindful of the contention of appellant that the evidence showed that the wind was blowing from the northwest, which would have carried the smoke away from the place of the accident, and also that the operation of the signal block system would have made it impossible for two trains to have been within the "block" at the same time.

These "physical facts," and others as shown, are not conclusive as a matter of law that the driver was guilty of contribu-

tory negligence. As stated in the opinion on the former appeal, the question of the speed of the train and the speed of the car were matters of estimate, and under the record it was a proper question for the jury to determine whether or not the driver of the car was guilty of contributory negligence.

It is urged by appellant that the case is very similar in its facts to *Barrett v. United States R. Adm.*, 196 Iowa 1143, and that the injury to the automobile was the result of an accident due to the slippery condition of the street upon which the car was being·driven.

The record shows that the street upon which the car was being driven was wet and slippery, and that the car could not be as readily stopped thereon as upon level and dry ground; but the conditions surrounding the car and its operation at the time were materially different from those in the *Barrett* case.

The case is exceedingly close on the question of fact involved. Under the evidence, the jury might very well have found that the driver of the car was guilty of contributory negligence; but, under the record, this was a fact question, for the ·determination of the· jury, and the evidence in regard to contributory negligence was not so conclusive as to make the question one of law for the determination of the court.

The court did not err in overruling appellant's motion for à directed verdict, and the judgment appealed from must be, and it is,—*Affirmed.*

ARTHUR, C. J., PRESTON and VERMILION, JJ., concur.