## NORTH RIVER INS CO v REDMAN

Ohio Appeals, 2nd Dist, Miami Co

No 326. Decided Dec 15, 1933.

Clifford R. Curtner, Dayton, and Baird Broomhall, Troy, for plaintiff in error.

Faust & Faust, Troy, and Thomas, Hyers & Leyland, Dayton, for defendant in error.

## OPINION

By BARNES, J.

Very able and comprehensive briefs were filed by counsel representing the respective parties. We also have the advantage of the short memorandum opinion of the very able trial court setting out his reasons and authorities for overruling the demurrer and afterwards entering judgment on the pleadings.

Apparently it was the conclusion of the trial court and counsel that the sole and only question for consideration and determination was whether or not The North River Insurance Company being a subrogee of Albert F. Kuhl, was in privity and so identified in interest with him that it represents the same legal right, controversy and issue which was tried and finally determined upon its merits by a court of competent jurisdiction so that the judgment against Kuhl constituted a bar to further proceedings by the plaintiff insurance company over the same facts.

There is one very important phase of the proceedings evidently overlooked by the trial court and not discussed by counsel, but which we think under the state of the pleadings will require a reversal and remanding, regardless of the merits of the other questions presented through the briefs. There is an issue in the pleadings other than the same issues involved in the case of Kuhl v Redman, the latter being an action for personal injuries, and the instant case for property damages.

This issue is apparent from reading the second defense in the amended answer and the reply thereto. From these two pleadings it is not controverted that the basis for the damages claimed were the same, but in the case of Kuhl v Redman it was sought to recover for personal injuries, whereas in the instant case it is asked for property damages by reason of injury to the automobile. Paragraph 4 of the reply above quoted, reads as follows:

"Four: That the result received in case No. 26205 was not a judicial determination of the cause of action existing in this case."

This is a special denial of allegations contained in the second defense of the amended answer. It is true that other numbered paragraphs of the reply contain averments which tender the proposition of law. So far as the record discloses the jury may have returned their verdict in favor of the defendant Redman and against Kuhl on the sole ground that no injuries or damages were sustained by Kuhl.

In rendering a judgment on the pleadings every averment of the reply must be accepted as true. Of course, this does not include mere conclusions when other facts are averred, which, as a matter of law, would deny the correctness of the conclusion, but measured by this standard we think that the reply, and particularly subdivision No. 4, would put in issue this one apparent difference in the two causes of action and since it is possible that the verdict may have been based upon that element of difference, it would be error to render judgment on the pleadings.

It may be that the trial court and counsel, from their contact with the Kuhl case, knew that there was an abundance of proof of injuries, and such may even have been admitted in the answer, but we do not have that knowledge from the record in this case. If such be the fact, it would be an explanation as to why it was overlooked here. Whatever the reason, it can not alter the state of the record.

If we were following along the lines of least resistance, it would be possible to leave the case here without determining the major issue, very ably discussed by counsel. It is our purpose to decide this very interesting question.

There are certain well established and uncontroverted principles of law to which we now refer.

Prior to the adoption of §11241 GC, an insurance company paying a loss could not bring an action in its own name under a claim of subrogation. Under the common law the action had to be brought in the name of the party injured. The first paragraph of §11241 GC, reads as follows:

"An action must be prosecuted in the name of the real party in interest."

This section has been before the courts very frequently and its scope and limitation is now very well understood. The case of Cox v Traction Company, 32 O. C., 487, syllabus 2 reads as follows:

"Where one who has suffered an injury has been fully indemnified by a liability insurance company and the insurer has become subrogated to all the rights of the insured, the party so fully indemnified can not prosecute an action against those whose negligence caused the injury. Such action must be brought in the name of the subrogated insurer."

This rule has been universally accepted in all our state courts. If the insurance company has not paid the claimant in full; the injured party still has a cause of action and may sue for the total damages and on recovery will be held to hold as trustee the amount paid by the insurance company in partial remuneration of the loss. As such trustee the injured person must pay to the insurance company through its rights of subrogation.

This court, on June 28 of this year, in the case of Schmidt v Cullen, Montgomery County, held that the injured person, where he claimed a greater damage than was paid by the insurance company but failed to recover an amount in excess of that paid, that thereby it was disclosed that he was not a party in interest and could have no recovery. This case was carried to the Supreme Court on motion to certify, but very recently the Supreme Court has overruled the motion.

In the instant case it is disclosed by the pleadings that the plaintiff insurance com-

pany paid to Kuhl the total amount of his loss.

Applying the rules of law above referred to, Kuhl could not bring action against Redman for damages to his automobile. Under the terms of the insurance contract providing for subrogation, that right of action, after the adjustment and payment of the loss, was entirely with the insurance company. At that moment we have a situation whereby the insurance company could have no interest in or control over Kuhl's action for personal injuries, and Kuhl no longer had any interest in or control over the insurance company's right of action for damages to the automobile.

It is contended with authorities cited supporting the claim, that personal injuries and property damage growing out of a single accident for negligence claimed constitute but one cause of action, and we recognize the pronouncement of this rule through a long line of decisions. However, no cases have been cited, and we find none, where the rule has been given application under facts like those in the instant case. Before the adoption of §11241, GC, requiring the action to be brought in the name of the real party in interest, no difficulty would arise. However, since the enactment of this provision, coupled with the established construction given it, we have an anamalous situation where one law says where a cause of action must not be split and another rule of law where they must be or not be brought at all.

The common law as applicable to changed procedure under legislative enactment should not be considered so inflexible as to work injustice.

We call attention to the case of Beltz v Great Western Lead Manufacturing Company, 251 Federal, 696, as follows:

"There is no inflexible rule in equity against the splitting of demands which may be done under special circumstances to avoid injustice."

We can see no reason why this rule would not apply to questions at law as well as in equity.

We are not without authority in Ohio on the question involved in the instant case. In fact, the case of **LeBlond Schacht Truck Company v Farm Bureau Mutual Automobile Insurance Company, 34 Oh Ap, 478,** is directly in point. It is rare indeed do we find precedents so identical in their facts with the case under consideration. The statement of the case shows that the pleadings were identical in their substance.

There was the difference that the case was tried instead of being determined on the pleadings. The statement of the case shows that a jury was waived and the trial resulted in judgment for the insurance company. On proceedings in error the Court of Appeals in and for Clermont County, Judge Cushing, Presiding Judge, rendering the opinion, sustained the lower court. The entire syllabus reads as follows:

"Where insured's automobile was demolished in collision with defendant's truck, insurer under policy containing subrogation clause paid insured for damages to automobile and took bill of sale therefor. After insured had recovered judgment for his personal injuries, insurer brought suit for damages to the automobile. Held that, after insurer's payment to insured, cause of action for damages to automobile was in insurer, which subrogee, was real party in interest, under §11241, GC, notwithstanding subsequent recovery by insured for personal injuries."

An effort was made to present this case in the Supreme Court, but motion to certify was overruled. See **30 Ohio Law Reporter, page 65,** under date of December 4, 1929.

There are two other cases in this state decided by Courts of Appeal, wherein the identical questions are raised as in the instant case, but on facts substantially different: **Fightmaster, a minor v Tauber, 43 Oh Ap, 266, (12 Abs 200),** and **Allamong v Falkenhof, 39 Oh Ap, 515 (9 Abs 90).**

The case of Fightmaster v Tauber, supra, was decided by the same Court of Appeals, (the personnel being the same) as in the LeBlond case. The LeBlond case was decided December 4, 1929, and the Fightmaster case April 11, 1932. It should be observed that no reference is made to the LeBlond case in the Fightmaster case, leading to the conclusion, as we think, that that learned court did not consider the facts of such similarity as to be controlling. We further call attention that in the Fightmaster case the court held that the rule res adjudicata was applicable, whereas in the LeBlond case they held that it was not. It is our conclusion that the two cases are readily distinguishable.

In the last case, Fightmaster, a minor, by his next friend, first brought his action for personal injuries against Leo S. Mode, and it was admitted that Tauber was the agent driving the automobile truck and it was being operated by such agent in the course of his employment. In the first action the plaintiff lost the case and judg-

ment was entered in favor of Mode. In the second action, the action was against Tauber, setting out the same grounds of negligence. The court held that the plaintiff had his day in court and that the jury must necessarily have determined that the agent, Tauber, was not guilty of negligence. This we think is the differentiating feature in the instant case. The insurance company has not had its day in court.

The Allamong case, supra, was decided November 10, 1930, by the Court of Appeals of Cuyahoga County, Vickery, PJ, rendering the opinion. The facts in this case involve an automobile collision. One of the parties to the accident brought his action in the Municipal Court for property damages. The other party, a short time afterwards, brought his action in the Common Pleas Court for property damages and personal injuries and asked to recover a much larger amount than could be recovered in the Municipal Court by reason of the fact that under the law the amount of recovery in that court is limited to $2500.00. It happened that the case in the Municipal Court was tried first and judgment was returned for the plaintiff in that court. The defendant appeared and defended, but did not set up by cross-petition his cause of action then pending in the Common Pleas Court. The defendant in the Common Pleas Court (being plaintiff in the Municipal Court) raised the issue of res adjudicata and the Common Pleas Court sustained his contention, and this was concurred in by the Court of Appeals by a divided court. This conclusion was arrived at on the theory that Allamong had his day in court, and by reason of the fact that he failed to take any steps to have the entire controversy heard in the Common Pleas Court that he was now estopped to prosecute his action after the adverse decision in the Municipal Court.

The controlling elements in the two cases above referred to are not present in the instant case.

Independent of the authorities we think a ruling that would permit the plaintiff to prosecute its action to final conclusion is more consonant with justice than giving application to the rule of res adjudicata.

It is true, as stated in 25 Ruling Case Law, 1377, paragraph 60, that a subrogee is generally placed in the precise position of the one to whose rights he is subrogated and is entitled to all the rights and securities and the benefits of all the remedies which were available to such person, and our determination of this case is not counter to that principle.

The insurance company in the further prosecution of this action will be limited to the rights and remedies of Kuhl. We might further say that we have examined very carefully the case of United States v California Bridge Company, 245 U. S., 337, being the case largely relied upon by the trial court as authority for its conclusion. An excerpt from the opinion in this case is copied on pages 4 and 5 of the brief of defendant in error. An examination of the case will disclose that the court merely set forth this general principle of law and then proceeded to distinguish the facts under consideration and held against the plea of res adjudicata.

Every other case cited has been examined with care, but we are unable to find them helpful in determining this case under its own peculiar facts. They do not at all touch our facts.

It is a matter of regret that we are not able to agree with the able jurist deciding this case. Under our conception of the law, we feel that the decision of the court below, must be reversed and the case remanded for further hearing.

An entry may be drawn accordingly. Exceptions will be allowed.

HORNBECK, PJ, and KUNKLE, J, concur.

## ON APPLICATION FOR REHEARING

Decided Dec 28, 1933

By THE COURT

The above entitled cause is now being determined on application of counsel for defendant in error for rehearing. We have before us application and memorandum supporting same. In the memorandum is presented interrogatories submitted to and answers by the jury in the case of Kuhl v Redman and it is urged that the answers to these interrogatories meet the reasoning of the court that the Kuhl-Redman case could not possibly render the present action res adjudicata for the reason that the jury may have based their decision wholly upon a finding of no damages.

It is now urged that the answers of the jury to the interrogatories show very definitely a finding of negligence on the part of Kuhl which was a proximate contributing cause of the accident and attending injuries.

It is evident that counsel has not grasped the import and scope of our former opinion. We can not take judicial cognizance of the Kuhl-Redman case in any of its aspects. We are limited to the pleadings in the

instant case and since there was a judgment on the pleadings, we can only accept as true the uncontroverted allegations of these pleadings. In every instance where an answer or reply either expressly or impliedly denies a material allegation of a petition or answer, an issue of fact is presented.

A directed verdict on pleadings can only be sustained on uncontroverted facts.

The interrogatories and answers can not be considered for the reason that they do not appear in the record of this case and we can not consider the record of the former case except as it was brought in in the court below through the pleadings.

We again call attention to the last pages of our original opinion in which we, in substance, say that the defense of res adjudicata can not be invoked against the plaintiff in error under the facts of this case. The motion for rehearing will be overruled.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.