## CENTRAL GREYHOUND LINES, INC v STATE AUTOMOBILE MUT INS CO

Ohio Appeals, 2nd Dist, Miami Co

No 327. Decided June 12, 1934

Matthews & Matthews, Dayton, and Hugh Altick, for plaintiff in error.

Shipman & Shipman, Troy, for defendant in error.

## OPINION

By HORNBECK, PJ.

It is claimed that this testimony was irrelevant and incompetent and its reception was prejudicial. We do not so view it. The first defense of the answer asserted that the cause of action upon which the case was proceeding had been adjudicated. This action had not been determined by a trial, but by an entry of dismissal by the plaintiff, which entry was silent as to the amount of the payment by the defendant to the plaintiff or the items of damage appearing in the petition which were the subject of settlement. Inasmuch as it was contended that the property damage was included in the cause of action asserted against the bus company, it was necessary to resort to parol testimony to establish the fact that any damage to the automobile was not the subject matter upon which the dismisal of the action with prejudice was predicated.

Meyer, over the objection and exception of defendant was permitted to testify as follows:

"Q. What do you say to this jury as to whether if this Greyhound bus hadn't skidded, could you have gotten by without coming into collision with it? A. Why, yes."

And William Zollinger, a witness for the defendant, over objection of counsel for defendant, was permitted to testify as follows:

"Q. Would there have been any room for a car coming from the north to have passed? A. They couldn't have passed on that road; there was only a yard's distance."

It is claimed that the court erred in accepting this testimony, inasmuch as it set forth conclusions only of the witnesses. Of course, counsel, the trial court and this court are familiar with the rule that a witness should state the facts and permit the jury to draw inferences respecting ultimate disputes. However, it is not always prejudicially erroneous to permit a lay witness to express an opinion in the nature of a conclusion. Especially is this true if the record is complete respecting the physical conditions to which the testimony has application. If, perchance, the admission of the testimony was erroneous it could not be prejudicial. It also appears that no exception was noted by counsel to the reception of the testimony of Zollinger heretofore quoted.

On cross examination Meyer was asked the following question by counsel for defendant:

"Q. As you enter the curve how far northwardly can you see?"

On objection the court refused to permit the question to be answered. And further:

"Q. Was there any condition that prevented you from stopping after you saw the bus and before you collided? A. Why, the bus swung out there in the road, and I tried to avert the accident and it was impossible, because the bus was across the road and I couldn't.

"Q. Why couldn't you stop?"

The court refused to permit an answer to be given to the last question quoted.

It is claimed that the ruling was prejudicial error. The action of the trial court in the first instance was correct. As to this question, the court directed counsel to the indefinite character of the query. There should have been some place fixed from which the witness was required to make determination of the distance that he could see. As to the second question, the court indicated the reason why he did not accept the answer that: "He has been over that." It is probable that the court was not entirely correct in this conclusion but the inadvertence would not indicate prejudicial error upon the whole record.

The next objection is urged to the refusal of the court to permit the following question to be answered by Louis Meyer on cross-examination:

"Q. The accident on which you were suing at the time is the same accident we are talking about now?"

The record is replete respecting the subject matter of the instant suit as compared to the former action, which was settled. It was within the discretionary privilege of the court to refuse to receive the answer.

It is next urged that the verdict and judgment are against the weight of the evidence. This is based upon the claim that there is no showing of excessive speed of the bus; that there is a showing of excessive speed by plaintiff's assured, Meyer.

It is further claimed that there was no negligence on the part of the bus driver in attempting to go around the Ford which was ahead of him, nor in bringing the bus back into the line of travel when he found that he could not get around the Ford.

The question of excessive speed, under §12603 GC and under the common law is one of relative determination. The jury could properly have found that the bus operator was driving excessively, though he was not driving as fast as the plaintiff. The plaintiff had an uninterrupted way ahead of him, save when the bus came into it, whereas the bus driver was required to take necessary precaution, which might include a marked reduction in speed, when he left his portion of the travelled way to go around the vehicle ahead of him. He was required, in the exercise of ordinary care, to take cognizance of the fact that there might be another car approaching on the east side of the thoroughfare, into which it was necessary for him to go in passing the Ford. Then, too, he was required to take into consideration the fact that he was operating a very heavy vehicle upon a slippery road, after night.

Although the questions of fact presented were such as that the jury could have returned a verdict against the plaintiff, they are not such as would require this court to say that the jury should have returned such a verdict. The verdict was clearly permissible and we are satisfied proper under the evidence.

Special attention is directed to the contributory negligence of Meyer in failing to observe that portion of §12603 GC which provides that:

"No person shall operate a motor vehicle in and upon the public roads and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the road or highway and of any other conditions then existing, and no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

We have recently held in the case of **Hess v Kroger Grocery & Baking Company**, No. 320, Miami County, unreported, decided March 14, 1934 **(17 Abs 225)** that the "assured clear distance ahead" may be, under a given state of facts, a question for the jury and that it should not be given such a narrow interpretation as to require that under all conditions the driver of an automobile should be required to stop his car within the distance of his vision ahead. The Supreme Court refused to certify this case May 16, 1934. In that opinion we also discussed **Skinner v Pennsylvania R. R. Company, 127 Oh St, 69.**

The next ground of error asserted is failure to direct a verdict for plaintiff in error upon motion of defendant at the conclusion of plaintiff's case and at the conclusion of the whole case. From what we have heretofore said we are of opinion that the court committed no prejudicial error in overruling these motions.

Defendant below requested the following special charge before argument:

"The jury is instructed that skidding may occur without fault, and when it does occur it may likewise continue without fault for a considerable space and time. It means partial or complete loss of control of the car under circumstances not necessarily implying negligence. The mere skidding of a motor vehicle is not an occurrence of such uncommon or unusual character that unexplained it could be said to furnish evidence of negligence so as to render the defendant liable for an injury in consequence thereof."

This special charge was, in our judgment, properly refused for two reasons: First, it is an abstract proposition of law. It does not embody the factual proof in the record. Second, the defense of skidding to which the attention of the jury is drawn in the charge is based upon a situation wherein there is no explanation of the cause of the skidding.

The cases cited by counsel for defendant,

as follows, support the charge tendered: Berry on Automobiles, 5th Ed. §237; Lambert v E. Mass. St. Ry. Co., 240 Mass., 495, 134 NE, 340; Barrett v U. S. R. R. Admr., 196 Iowa 1143, 194 NW 222; Ortwein v Droste, 191 Ky. 17, 228 SW, 1028; Lonergan v Am. Ry. Ex. Co., 250 Mass., 30, 144 NE, 756; Burke v Cook, 246 Mass. 518, 141 NE 585; Kelleher v Newburyport, 227 Mass. 462, 464; 116 NE, 806; Loftus v Pilletier, 223 Mass. 63, 111 NE, 712; Williams v Holbrook, 216 Mass. 239, 103 NE 633.

An examination of the testimony of A. C. Lewis, driver of the bus, discloses all the factual conditions incident to the skidding of the bus, page 65 of the record. Other testimony also showed the physical conditions, so that it would not have been proper for the court to have given a charge to the jury, based only upon the fact of skidding, without explanation of the cause thereof, because the jury did not have an unexplained skidding.

It is urged with much force that the trial court erred in withdrawing the first defense of the answer from the consideration of the jury. The question presented is no longer an open one with us and was decided adversely to the claim of defendant in the case of **North River Insurance Co. v Redman**, Miami County, unreported, opinion by this court December 15, 1933, (16 Abs 516). We there hold that the subrogee of a right of action by plaintiff for property damages could maintain its separate action against a defendant, although another action against the defendant, growing out of the same collision, for personal injuries had been instituted and prosecuted to a judgment. The Supreme Court has admitted this case for review and if, perchance, it reverses this court an application for rehearing will be in order.

We based our decision in the North River Insurance Company case largely upon **Le-Blond Schnacht Truck Company v Farm Bureau Mutual Automobile Insurance Company, 34 Oh Ap 478**, a Clermont County case which, upon motion, the Supreme Court refused to certify.

We now come to the last and, in the judgment of the writer of this opinion, the most difficult assignment of error, namely, the refusal of the trial court, upon request of counsel for the defendant, to include in the general instructions to the jury a charge under that portion of §12603 GC as follows:

"* * * and no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

We are of opinion that the trial court could properly have charged upon that portion of §12603 GC just quoted.

Meyer, driver of the automobile, Lewis, driver of the bus and other witnesses testified to all the physical conditions incident to, surrounding and attending the collision. The distance of the automobile which Meyer was driving from the truck when Meyer first saw it was fixed at one place in the road at 200 feet. Thereafter, it was modified by indicating the distance to be that from the witness stand to the far end of the court room, which, of course, would be much less than 200 feet and probably not more than 75 feet. Mr. Lewis fixed the distance after he had got over onto the east side of the highway, when he first saw Mr. Myers' automobile at 300 feet. Of course, he had travelled a considerable distance before the collision but he says that this distance was about 75 feet. During this time Mr. Meyer had covered some distance, probably considerably more than 75 feet. Lewis fixes the point of collision at 80 or 90 feet north of the Hem Road. Although the record is not very satisfactory as to the exact distance of the bus from the automobile when Meyer saw the bus in the line of his travel, after it began to skid, it was an appreciable distance, which might make the application of the "assured clear distance ahead" statute a question of fact for the jury upon a strict interpretation. We agree upon principle with most that is said in the separate concurring opinion as a proper conclusion of fact but doubt if it can be sustained and should be promulgated as a matter of law. However, we are constrained to say in this case that we should invoke the substantial justice rule to support the verdict and judgment. Upon a fair consideration of the whole record there seems no substantial dispute as to the probable cause of the collision.

One witness for the defendant, Ella Taborn, said that the bus was never off its right side of the road but she is completely discredited by Mr. Lewis, the driver of the bus. The bus driver, intending to leave his right side of the road, and moving into and through a curve was under express obligation to know that he could safely go around the car ahead of him before he undertook to do so. Although the automobilist was bound to stop his car within the "assured clear distance ahead" he was not bound to assume that an automobilist would drive over and into his roadway.

The cause of the collision, undoubtedly, was the carelessness of the bus driver in getting over onto Meyer's roadway on a slippery road in a manner which he should not have undertaken at the time.

The damages in this case are not excessive. They are strictly in accord with the testimony. Every indication in this record is that another trial would result in the same verdict and to remand this cause for further proceedings would only mean unnecessary delay and expense to both parties.

We, therefore, hold that, although technically the court should have charged on that portion of §12603 GC involving "assured clear distance ahead" a failure to do so did not amount to prejudicial error. We affirm the judgment as representing substantial justice between the parties.

Judgment affirmed.

## CONCURRING OPINION

By BARNES, J.

I concur in the judgment, not only under the substantial justice rule but generally. In other words, I think the judgment should be sustained.

In my judgment the trial court was correct in not charging as requested by defendant, the assured clear distance rule as provided under §12603 GC.

To have invoked this provision of the Code in the court's charge, would have rendered necessary so many exceptions, variations and conditions as to render it, in the final analysis, nothing more than the exercise of ordinary care, by the plaintiff. In my judgment the court fully and adequately included this element in his charge on contributory negligence.

The assured clear distance ahead provision of the Code should not be construed to include within its scope a situation such as the uncontradicted evidence discloses in the instant case. The plaintiff, in the operation of his automobile, should not be required to anticipate that a vehicle travelling in an opposite direction would suddenly and unexpectedly turn into his path. Neither would he be required to anticipate that when the driver of the bus attempted to pull back to his own side of the road, that the bus would skid on to plaintiff's side of the road. Until he actually saw, or should have seen, the car skidding on to his side of the road, he could properly anticipate that the bus would return to his line of travel with safety.

After he saw, or should have seen, the car skidding on to his side of the road, then he was charged with the exercise of ordinary care for his own safety. When this imminent danger presented itself through the skidding of the car, it can not be said as a matter of law that he must stop his car within the assured clear distance ahead. Another element necessary to be considered is that the bus was at all times moving towards him, and by this movement the distance was lessened.

The fact that the plaintiff saw the bus approaching 200 yards, 200 feet, or 75 feet beyond him on its own right side of the road would not invoke the assured clear distance ahead provision of the Code. Until the bus skidded into his path, his assured clear distance ahead was unlimited. So far as the evidence discloses there was no other traffic on his side of the road. Until the bus skidded into his line of travel, there was no situation requiring him to stop within the assured clear distance ahead. At this instant, taken in connection with the further fact that the bus was continuing to move towards the plaintiff, the two vehicles were too close together for the court to say to the jury that he must then have been operating his car so as to have stopped it within the assured clear distance ahead.

He was required to exercise ordinary care to avoid impending danger, and the trial court in substance so charged the jury.