HELEN SAEUGLING, Appellee, v. HENRY A. SCANDRETT et al., Appellants.

No. 45446.

MARCH 18, 1941.

REHEARING DENIED JUNE 20, 1941.

154

J. J. Hyde and Alex Holmes, for appellee.

C. F. Murphy and Hughes, O'Brien & Hughes, for appellants.

SAGER, J.—For convenience we shall speak herein of the defendant in the singular, the railroad company being the party in interest.

About 2 o'clock on the morning of January 15, 1938, plaintiff with four companions was returning from a dance at Guttenberg, Melvin Radloff driving. Plaintiff sat next to him with her brother at her right. They were approaching from the south the crossing where the accident happened.

It was a clear, cold night with moonlight so bright that the car could be driven without artificial light. The driver was anticipating the approach of a train. He, like the others, was familiar with the crossing and surrounding conditions, including the obstructions to the view as the crossing was approached. All were familiar with the icy condition of the pavement in the town of Monona where the accident occurred, having passed that way to the dance from which they were returning.

All the occupants of the car were aware that a train was due at or about that time and were alert and attentive for signals but heard none. The windows of the car were clear of frost and the left front window was down to make more readily audible any warning of an approaching train. As they approached the track a heavy freight train was moving out onto the main line from a sidetrack about 1,000 feet distant. It had been there awaiting the passing of the westbound passenger train. There is a dispute as to its speed. Plaintiff's testimony fixes it as high as

25 miles per hour, while defendant's witnesses put it as low as 4 to 6 miles per hour.

Beginning about 80 feet south of crossing there was a descending grade to the track, a drop of 3½ to 4 feet. When about 40 or 50 feet from the track, plaintiff and the driver saw the engine and the latter promptly applied all the braking power he had. Notwithstanding the brakes were in good condition, the speed of the car continued as it was, about 15 miles per hour. Had it not been for the icy condition of the pavement, the driver could have stopped before reaching the crossing.

In an attempt to escape, Radloff swung the car to the right but it slid into the side of the cowcatcher and was dragged a short distance. In the collision, the plaintiff sustained damages for which the jury awarded her $800.

It should be added that at a point beginning 80 feet south of the crossing the pavement was level and the driver of the car testified that had the signals been given he would have stopped back of that point on the level before proceeding down the incline as he did. In what has been said we do not overlook the fact that there is a distinct conflict in the testimony with reference to the facts narrated but the jury could have found as we have stated.

There is no claim of intoxication, negligence or reckless driving. Appellant's only complaint is that the court erred in overruling defendant's motion to direct on the ground that the proximate cause of the accident was the icy condition of the highway.

Appellant relies upon Barrett v. U. S. R. Adm., 196 Iowa 1143, 194 N. W. 222, and Pifer v. C. M. St. P. & P. R. Co., 215 Iowa 1258, 247 N. W. 625. An examination of these cases distinguishes them from the one before us. In the Barrett case, the plaintiff applied her brakes within about 40 feet of the intersection. With her car in the condition that it was, she could have stopped in time to have avoided the train, but for an icy stretch of which she was not aware.

It appears, therefore, or at least the jury could have found that as she proceeded to the crossing her reliance was in the brakes of her car and not upon any signals. She knew that a train was due to approach at about that time. Her injury resulted from lack of knowledge of the condition of the street. Acting on the

assurance that she could stop, she continued to the point where she first saw the train and then met with injuries she would not have sustained but for the icy pavement.

In that case, as in this, the view of the approaching train was obscured to within 40 feet of the track.

In the Pifer case, the plaintiff was familiar with the crossing and anticipated that a train might be along at that time and he intended to stop and reconnoiter before crossing the track. His expectation of stopping and looking was frustrated by loose gravel, the presence of which he was unaware. When he applied his brakes, his auto slid into the train. The federal case which appellant cites, Hickey v. Missouri Pac. R. Corp, 8 Cir., 8 F. 2d 128, is very much like the Barrett case and is not controlling.

To sum the matter up, we have the plaintiff and her associates approaching a well-known crossing on a pavement which they knew would be icy and slippery. They knew as they neared the track that a train was due at any moment. They had the car window down to permit the hearing of signals but they heard none. The windshield was clear of frost but because of obstruction they did not see the train until within 40 feet of the track.

Under these circumstances, we do not feel that we should substitute our judgment for that of the jury on the fact question whether had the signals been given they would have been heard, and, being heard, whether the automobile would have been stopped out of the zone of danger. They had a right to assume, until they had knowledge or notice to the contrary, that the signals required by Code section 8018 would be given by the train crew. What has been said makes it unnecessary that we should analyze appellee's citations. Agreeing with the trial court that this is properly a case for the jury, its judgment is affirmed.—Affirmed.

HALE, C. J., and WENNERSTRUM, OLIVER, GARFIELD, BLISS, and STIGER, JJ., concur.