ILEEN DALY, administratrix of estate of Cletus Daly, deceased, appellant, v. ILLINOIS CENTRAL RAILROAD COMPANY et al., appellees.

No. 49093.

(Reported in 80 N.W.2d 335)

JANUARY 15, 1957.

REHEARING DENIED APRIL 5, 1957.

Kenline, Roedell, Hoffmann & Reynolds, of Dubuque, for appellant.

O'Connor, Thomas, McDermott & Wright, of Dubuque, and Burnquist, Helsell & Burnquist, of Fort Dodge, for appellee Illinois Central Railroad Company. ·

Czizek & Czizek, of Dubuque, for appellee D. L. Holley.

WENNERSTRUM, J.—Plaintiff, as administratrix of the estate of Cletus Daly, brought a law action to recover damages from the Illinois Central Railroad Company and its engineer, D. L. Holley, for the wrongful death of her husband. The defendant railroad company's train, operated by Holley, struck a truck driven by the deceased at a crossing in Farley, Iowa, on the morning of January 7, 1952. At the close of all the evidence the trial court directed a verdict for both the defendants and judgment was entered against the plaintiff for cost. A motion for new trial was overruled. Plaintiff has appealed.

The railroad tracks of the defendant company run generally east and west through Farley. Clark Street, which crosses the railroad tracks, extends in a north-and-south direction and as it approaches the tracks from the south slopes downgrade to the north. The evidence shows the street is slightly higher on the outside edges than in the center and at the time when the accident occurred was covered with slippery wet snow. There had been no melting and the street was snow-packed, with no ruts.

A short time after nine o'clock a.m. on the date mentioned Daly was driving his employer's three-quarter-ton International truck, equipped with mud and snow tires on its rear wheels, in a northerly direction on Clark Street. Martin Gansemer was standing at the east end of a lumberyard, which was

adjacent to or near the railroad tracks, and first saw the truck as it proceeded north on Clark Street when it was 50 to 60 feet south of the tracks. It was then traveling about ten miles per hour. Approximately at the same time he heard the horn of the train as it approached the crossing. When the truck was at a point within 30 feet of the track he observed its four wheels were locked and it was sliding to the north. He saw the front end of the engine strike the left side of the truck close to the cab door. Over objections of plaintiff's counsel Gansemer testified on cross-examination that in his opinion Daly could have stopped the truck before it reached the tracks if there had been no ice. It is shown by interrogatories answered by the defendant Holley, the train was being operated at the time of the collision at a rate of approximately 70 to 72 miles per hour. At that time the train was one hour and ten minutes behind schedule.

The evidence disclosed there was one blast of the horn of the engine but the bell was not sounded. It was stipulated that Daly died of injuries received as a result of the collision.

The defendants offered no oral testimony. However, they did introduce three photographs and a chart purporting to show the distances one could see looking westerly along the railroad tracks from Clark Street.

The plaintiff seeks reversal on the sole ground the trial court erred in directing a verdict for the defendants. The court assigned as its reason for its action the failure of the plaintiff to show the acts of the defendants were the proximate cause of the collision. They maintain in this court the proximate cause of the collision was either the contributory negligence of plaintiff's decedent or the intervening proximate cause was the icy condition of the street. It is contended if this latter situation was the cause of the collision then it was an unavoidable accident for which neither party was responsible.

I. Section 478.19 (1950) 1954 Code, provides: "A bell and a steam whistle shall be placed on each locomotive engine operated on any railway, which whistle shall be twice sharply sounded at least sixty rods before a road crossing is reached, and after the sounding of the whistle the bell shall be rung continuously until the crossing is passed; but at street crossings within the limits of cities or towns the sounding of the

whistle may be omitted, unless required by ordinance or resolution of the council thereof; and the company shall be liable for all damages which shall be sustained by any person by reason of such neglect."

The failure to ring the engine bell was pleaded as one of the grounds of negligence. The evidence clearly shows there was no ringing of the engine bell. A violation of the above section is negligence. Hough v. Illinois Cent. R. Co. (1915) 169 Iowa 224, 149 N.W. 885. Consequently it must be held that in failing to ring the engine bell the defendants were negligent. But was the negligence the proximate cause of the collision?

II. Proximate cause is "* * * the primary moving cause or predominating cause from which the injury follows as a natural, direct and immediate consequence, and without which it would not have occurred." Aitchison v. Reter, 245 Iowa 1005, 1012, 64 N.W.2d 923, 927. See also 38 Am. Jur., Negligence, section 50, page 695; Snook v. Long, 241 Iowa 665, 669, 42 N.W.2d 76, 78, 21 A. L. R.2d 1. We have held the true test whether the claimed negligent act was the proximate cause of an injury depends on whether the act complained of "* * * was so connected with the final result and injury, through an unbroken chain of circumstances, as to make a natural whole." Waterloo Savings Bank v. Waterloo, Cedar Falls & N. R., 244 Iowa 1364, 1372, 60 N.W.2d 572, 576.

III. The question whether a claimed negligent act was the proximate cause of an injury is ordinarily for the jury. And when there is substantial evidence of a party's negligence and different minds might reach different conclusions the question of proximate cause is for the jury. Stiefel v. Wandro, 246 Iowa 807, 816, 68 N.W.2d 53. See also Lindquist v. Des Moines Union Ry. Co., 239 Iowa 356, 371, 30 N.W.2d 120.

The case of Saeugling v. Scandrett, 230 Iowa 153, 296 N.W. 787, is quite similar to the present one. In the cited case there was a slight descending grade to the railroad tracks, commencing some 80 feet from them. When the car there involved in the collision was within 40 or 50 feet of the tracks the brakes were applied but by reason of the icy condition of the pavement it slid into the side of the front of the engine. There, as in the present case, a motion for a directed verdict was presented

wherein it was claimed the proximate cause of the accident was the icy condition of the highway. It was held it was a fact question for the determination of the jury whether, if the signals had been given they would have been heard, and, if heard, whether the automobile could have been stopped in sufficient time to have avoided the collision with the engine.

In the case of Frideres v. Lowden, 235 Iowa 640, 644, 645, 17 N.W.2d 396, 398, we commented extensively on the question of proximate cause and stated:

"Even though there may be some degree of doubt that the signals, if given, would have prevented the collision, it does not follow that the question of proximate cause was not one for the jury. Smith v. Chicago, B. & Q. R. Co., 227 Iowa 1404, 1413, 291 N.W. 417, 422; Swaim v. Chicago, R. I. & P. Ry. Co., 187 Iowa 466, 471, 170 N.W. 296, 174 N.W. 384; Kuehl v. Chicago, M. & St. P. Ry. Co., 126 Iowa 638, 640, 102 N.W. 512; 2 Restatement of the Law, Torts, 1161, 1163, section 432.

"We think the jury could properly have found that if the required signals had been given Faber would have discovered the approach of the train in time to have avoided the collision and that decedent would not have been killed. We cannot say as a matter of law that the required signals would have proved unavailing or that the collision would have occurred even though the signals had been given. That the issue of proximate cause was for the jury, see Reysack v. Joyce, 232 Iowa 415, 419, 3 N.W.2d 535, 537; Saeugling v. Scandrett, 230 Iowa 153, 296 N.W. 787; 2 Restatement of the Law, Torts, 1161, 1163, section 432."

And so in the instant case it is our holding it was for the jury to determine whether the negligence of the defendants was the proximate cause of the death of plaintiff's husband. It is true the truck did slide the last few feet and onto the track. But we are not disposed to hold as a matter of law the icy condition of the street was the cause of the collision. The train was shown to have been traveling at a speed of at least 70 miles per hour and this fact could be considered by the jury as bearing on the question of negligence and proximate cause.

We have given consideration to the cited cases presented by the defendants. However, it is our conclusion the holding of the majority of our cases in situations similar to the present one warrants the submission of the issues herein involved to a jury. The action of the trial court in directing a verdict for the defendant is held to be erroneous. The cause is reversed and remanded.—Reversed and remanded.

BLISS, C. J., and GARFIELD, OLIVER, HAYS, THOMPSON, LARSON, and PETERSON, JJ., concur.