AMERICAN INSURANCE CO., APPELLANT, *v.* ELLSWORTH FREIGHT LINES, INC., APPELLEE.

(No. 5293—Decided May 9, 1960.)

*Mr. Harold C. Moan,* for appellant.
*Mr. William A. Finn* and *Mr. Thomas J. Manahan,* for appellee.

Fess, J. This is an appeal on questions of law from a judgment overruling a motion of plaintiff for a summary judgment and sustaining defendant's motion for summary judgment.

In as much as the Summary Judgment Act was enacted without the saving clause within the purview of the provisions of Section 1.20, Revised Code, there is serious question whether such act is applicable to a pending action. *Schlagheck* v. *Winterfeld,* 108 Ohio App., 299. However, the respective parties, at the hearing on the appeal, in effect have stipulated that the matter be determined either as if the Summary Judgment Act be applicable or that the judgment be regarded as one for judgment on the pleadings. It is to be noted that the judgment was rendered as upon summary judgment without the taking of testimony or the filing of affidavits and could have been decided only upon the admissions in the pleadings. Furthermore, the judgment contains no finding that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law as contemplated by the provisions of Section 2311.041, Revised Code.

Plaintiff brought its action against the defendant as assignee of one Frank M. Fagg, its insured, for recovery of property damage to the latter's automobile, in the sum of $1,145 and costs.

In its amended answer, defendant admits that prior to the date of the accident plaintiff had issued the policy of insurance to plaintiff's insured, covering the automobile owned by the insured, for collision damage in excess of $50, and that following the collision plaintiff paid to its insured the sum of $1,145 in return for which the insured assigned to plaintiff any and all

claims for damage to the automobile to the extent of the amount so paid by plaintiff, and that plaintiff is subrogated to the rights of its insured to such extent. For its second defense, defendant alleges the recovery of a judgment upon a verdict in the United States District Court by plaintiff's insured for personal injuries, which judgment was paid and satisfied by defendant. Defendant alleges further that the action brought by the insured constituted a full and final adjudication of any and all claims of the insured arising out of the collision, including any and all claims or portions of claims assigned by the insured to plaintiff, and that the issues in the case are *res judicata* and bar plaintiff from maintaining the action.

Plaintiff's reply admits the rendition of the judgment in the District Court but alleges that the insured, Frank M. Fagg, prayed only for damages as a result of injuries to his person; that after a trial of such cause, a verdict and judgment were rendered for Frank M. Fagg and that such judgment was paid and satisfied by the defendant herein; plaintiff says, however, that said petition did not contain a prayer for damages to the automobile of Fagg either as to the uninsured loss of Fagg or the subrogated interest of the plaintiff herein; plaintiff says further that the verdict and judgment in said action are *res judicata* as to the liability of the defendant herein but denies that plaintiff is barred from maintaining this action as a result thereof.

Plaintiff filed its motion for a summary judgment in its favor as prayed for in its petition. In turn, defendant filed its motion for a summary judgment dismissing the action on the ground that there is no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law.

It at once becomes apparent that the determination of this appeal depends upon the interpretation of the import of the recent decision of *Rush* v. *City of Maple Heights*, 167 Ohio St., 221, 147 N. E. (2d), 599, squarely holding:

"Where a person suffers both personal injuries and property damage as a result of the same wrongful act, only a single cause of action arises, the different injuries occasioned thereby being separate items of damage from such act. (Paragraph four of the syllabus in the case of *Vasu* v. *Kohlers, Inc.*, 145 Ohio St., 321, overruled.)"

It is a well-settled general rule that the owner of a cause of action will not be permitted to divide or split that cause of action so as to make it the subject of several suits. *Sturges* v. *Burton,* 8 Ohio St., 215; *Ferguson* v. *Gilbert & Rush,* 16 Ohio St., 88; *James* v. *Allen County,* 44 Ohio St., 226, 6 N. E., 246; *Cockley* v. *Brucker,* 54 Ohio St., 214, 44 N. E., 590; *Dick, Exrx.,* v. *Hyer,* 94 Ohio St., 351, 114 N. E., 251; *Vasu* v. *Kohlers, Inc.,* 145 Ohio St., 321, 61 N. E. (2d), 707, 166 A. L. R., 855; *Rush* v. *City of Maple Heights,* 167 Ohio St., 221, 147 N. E. (2d), 599; *Pettit* v. *Morton,* 11 Ohio Law Abs., 168 (affirmed, 24 Ohio St., 241); *Boswell* v. *Security Life Ins. Co.,* 26 C. C. (N. S.), 385, 35 C. D., 313. And if one brings a suit for a part only of his claim or cause of action, and recovers thereon, his entire cause of action is merged in the judgment, which then becomes a bar to a second action based upon the same cause of action between the same parties. *Ewing* v. *McNairy & Clafflin,* 20 Ohio St., 315; *Vasu* v. *Kohlers, Inc., supra; Rush* v. *City of Maple Heights, supra.* In other words, when a matter is finally determined by a competent tribunal, it is to be considered at an end, not only as to what was determined, but also as to every other question which the parties might have litigated in the case. *Petersine* v. *Thomas,* 28 Ohio St., 596; *Pollock* v. *Cohen,* 32 Ohio St., 514; *Strangward* v. *American Brass Bedstead Co.,* 82 Ohio St., 121; *Norwood* v. *McDonald,* 142 Ohio St., 299, 52 N. E. (2d), 67; *Vasu* v. *Kohlers, Inc., supra; Charles A. Burton, Inc.,* v. *Durkee,* 162 Ohio St., 433, 123 N. E. (2d), 432; *State, ex rel. Ohio Water Service Co.,* v. *Mahoning Valley Sanitary Dist.,* 169 Ohio St., 31, 157 N. E. (2d), 116. The rule is based upon the idea of preventing unreasonable vexation of a defendant, *Vasu* v. *Kohlers, Inc., supra,* and on the expediency of accomplishing the ends of justice by a single and speedy decision of all the rights and contentions of the parties. *Covington & Cincinnati Bridge Co.* v. *Sargent,* 27 Ohio St., 233; *Roby* v. *Rainsberger,* 27 Ohio St., 674; *North River Ins. Co.* v. *Redman,* 16 Ohio Law Abs., 516, affirmed, 128 Ohio St., 615, 193 N. E., 347. Cf. *Kelley Island Lime & Transport Co.* v. *City of Cleveland,* 25 Ohio Opinions, 162.

The rule against splitting causes of action has likewise been applied in Ohio to actions *ex delicto* as well as *ex contractu,* and only a single action may be brought for a single act of negligence and separate actions may not be brought to recover for

each element of damage. *State, ex rel. Weinberger,* v. *Industrial Commission,* 139 Ohio St., 92, 97, 38 N. E. (2d), 399 (obiter but citing authorities).

But with respect to a single tort causing injury to both person and property, it was held in *Vasu* v. *Kohlers, Inc., supra,* referred to as *obiter dicta* in *Rush* v. *Maple Heights, supra,* that injuries to both person and property suffered by the same person as a result of the same wrongful act were infringements of different rights and gave rise to distinct and separate causes of action which might be separately prosecuted, contrary to the rule followed in a majority of the states maintaining the view that a single wrongful or negligent act or omission causing an injury to both person and property of the same individual constitutes but a single cause of action with separate items of damage proceeding from the same wrong, with the result that a recovery of a judgment for either item of damages may be pleaded in bar in an action to recover for the other item. 64 A. L. R., 663, 127 A. L. R., 1081.

Ohio has now definitely adopted the majority rule in *Rush* v. *Maple Heights, supra.* As stated by the editor of the annotation appearing in 62 A. L. R. (2d), 988, unquestionably the most important effect of the single cause of action rule is that it bars one who has sustained simultaneous personal injury and property loss from the same cause and who has prosecuted to judgment a suit for either of his two elements of damage from thereafter suing to recover for the remaining element.

However, in some jurisdictions in which the single cause of action rule is followed, an exception has been drawn to the rule in cases in which one element (usually property loss) of the insured party's damage is the subject of insurance and strict compliance of the single cause principle would be prejudicial to the interests of either the insured or insurer. *Travelers Indemnity Co.* v. *Moore* (1947), 304 Ky., 456, 201 S. W. (2d), 7; *Underwriters at Lloyds Ins. Co.* v. *Vicksburg Traction Co.* (1913), 106 Miss., 244, 63 So., 455; *General Exchange Ins. Corp.* v. *Young* (1948), 357 Mo., 1099, 212 S. W. (2d), 396; *Underwood* v. *Dooley* (1929), 197 N. C., 100, 147 S. E., 686, 64 A. L. R., 656; *Vasu* v. *Kohlers, Inc.,* 145 Ohio St., 321, 61 N. E. (2d), 707, 166 A. L. R., 855 (quoting with approval *Underwriters at Lloyds*

*Ins. Co.* v. *Vicksburg Traction Co., supra,* and *Underwood* v. *Dooley, supra,* and as hereinafter pointed out, not overruled by *Rush* v. *Maple Heights, supra*); *LeBlond Schacht Truck Co.* v. *Farm Bureau Mutl. Auto. Ins. Co.* (1929), 34 Ohio App., 478, 171 N. E., 414; *North River Ins. Co.* v. *Redman,* 16 Ohio Law Abs., 516; *Central Greyhound Lines, Inc.,* v. *State Auto. Mutl. Ins. Co.,* 17 Ohio Law Abs., 419.

On the other hand, not all courts have agreed that insurance situations were not departures from the single cause of action doctrine. *Kidd* v. *Hillman* (1936), 14 Cal. App. (2d), 507, 58 P. (2d), 662; *Levitt* v. *Simco Sales Service of Pa., Inc.* (1957), 50 Del., 557, 135 A. (2d), 910; *Mims* v. *Reid* (1957, Fla.), 98 So. (2d), 498; *Coniglio* v. *Wyoming Valley Fire Ins. Co.* (1953), 337 Mich., 38, 59 N. W. (2d), 74; *Hayward* v. *State Farm Mutl. Auto. Ins. Co.* (1942), 212 Minn., 500, 4 N. E. (2d), 316, 140 A. L. R., 1236; *Farmers Ins. Exch.* v. *Arlt* (1953, North Dakota), 61 N. W. (2d), 429; *Saber* v. *Supplee-Wills-Jones Milk Co.* (1956), 181 Pa. Super., 167, 124 A. (2d), 620; *Sprague* v. *Adams* (1926), 139 Wash., 510, 247 P., 960, 47 A. L. R., 529. See also *Globe & Rutgers Fire Ins. Co.* v. *Cleveland* (1931), 162 Tenn., 83, 34 S. W. (2d), 1059; *Mills* v. *DeWees* (1956), 141 W. Va., 782, 93 S. E. (2d), 484, 62 A. L. R. (2d), 965; *State Farm Mutl. Auto Ins. Co.* v. *DeWees* (1957, West Va.), 101 S. E. (2d), 273.

As we construe the opinion of the court in the *Rush case,* the court recognizes the exception in the case of an assignee or subrogee. It is to be noted that, although the court in the *Rush case* quotes paragraphs 1, 2, 4, 5, 6, 7 and 8 of the syllabus in the *Vasu case,* it overruled specifically only paragraph 4 and refrains from overruling or modifying the remaining paragraphs of the syllabus. In its opinion in the *Rush case,* the court says:

"The decision of the question actually in issue in the *Vasu case* is found in paragraphs six, seven and eight of the syllabus, as it is quite apparent from the facts there that the first judgment, claimed to be *res judicata,* in Vasu's action against the defendant, was rendered against Vasu's insurer in an action initiated by it after having paid Vasu for the damages to his automobile.

"Upon further examination of the cases from other jurisdictions, it appears that in those instances where the courts have held to the majority rule, a separation of causes of action is almost universally recognized where an insurer has acquired by an assignment or by subrogation the right to recover for money it has advanced to pay for property damage."

It thus appears that the court, in overruling the fourth paragraph of the syllabus in the *Vasu case* and adopting the majority rule, nevertheless recognized the exception to the majority rule in the case of an insurer.

The court refers further to the fact that in other states, particularly those having statutes requiring actions to be brought by the real party in interest (as required in Ohio), such courts have recognized the right of the insurer to bring a separate action to recover in its own name for that part of a single cause of action to which it has become entitled by payment of damages, citing as illustrative: *Travelers Indemnity Co.* v. *Moore* (1947), 304 Ky., 456, 201 S. W. (2d), 7; *Underwriters at Lloyds Ins. Co.* v. *Vicksburg Traction Co.* (1913), 106 Miss., 244, 63 So., 455; *General Exchange Ins. Corp.* v. *Young* (1948), 357 Mo., 1099, 212 S. W. (2d), 396; *Underwood* v. *Dooley* (1929), 197 N. C., 100, 147 S. E., 686, 64 A. L. R., 656; *Farmers Ins. Exch.* v. *Arlt* (1953, North Dakota), 61 N. W. (2d), 429; *Tobin, Admr.,* v. *Gelrich* (1931), 162 Tenn., 96, 34 S. W. (2d), 1058. The court then goes on to explain that the reason why the exception is recognized is that where the plaintiff has recouped from an insurance company a part of his damage, he is not estopped from prosecuting his own action. The converse would seem to follow, that where the plaintiff has been reimbursed by the insurer for his property damage and given an assignment therefor, such insurer should not be estopped from prosecuting its part of the cause of action by reason of the fact that the insured has recovered a judgment from the defendant for his personal injury.

In the light of the foregoing observations, we reach the conclusion that an insurer who, in compliance with his contract of insurance, has taken an assignment or become subrogated to that portion of the claim of the insured against a defendant

for property damage is not estopped to prosecute an action in its own behalf against the defendant by reason of the fact that the insured has prosecuted an action and recovered damages for personal injury.

Inasmuch as the amended answer denies that the collision occurred in the manner claimed by the plaintiff, and after certain admissions enters a general denial, the court is not authorized or required to enter final judgment on the pleadings in favor of the plaintiff. The judgment is therefore reversed and the cause is remanded to the Common Pleas Court for further proceedings according to law.

*Judgment reversed.*

SMITH and DEEDS, JJ., concur.