# CHARLESTON.

ORRA PERDUE et al. v. SAM WARD et al.

Submitted April 12, 1921.    Decided April 12, 1921.

JUDGMENT—*Decree in Suit to Restrain Obstruction of Right of Way Held Not to Estop Same Plaintiffs to Recover Damages for Obstruction.*

A final decree in an injunction suit instituted solely for the purpose of inhibiting defendants from obstructing plaintiff's right of way over defendants' land and which decree affords that relief only, is not an estoppel to a subsequent suit at law by the same plaintiffs against the same defendants to recover damages caused by the obstruction of plaintiffs' right of way; and especially is this true where the record of the injunction suit discloses that the question of damages for the obstruction was not even mentioned.

Case Certified from Circuit Court, Wayne County.

Suit by Orra Perdue and others against Sam Ward and others.    Judgment for defendant on demurrer, and case certified.

*Reversed and demurrer sustained.*

*C. W. Ferguson* and *C. S. Welch,* for defendant.

LIVELY, JUDGE:

Orra Perdue and others instituted an action of trespass on the case against the defendants Sam Ward and Lindsay Ward for damages for obstructing a right of way over the defendants' land to the county road from a tract of 75 acres owned by the plaintiffs in Wayne County.    A special plea was interposed by defendants, bringing into the case the record of a former suit between the same parties concerning the same right of way, decided by the Supreme Court and reported in 85 W. Va. 474, and styled *Alice Roberts et al.* v. *Lindsay Ward et al.,* which it is urged is res judicata of the right of the plaintiffs to the damages here involved.

The circuit court decided that the decree of the Supreme Court was res judicata of the claim of damages because if the damages were not litigated in the former injunction suit

they could have been, and ought to have been; and this is the controlling question certified for decision here.

An inspection of the injunction suit of *Roberts* v. *Ward* set up here as a bar to damages discloses that the question of damages was not involved.    The only allegation in the bill which has any bearing whatever on the question is, that the closing of the right of way by defendants "operates to the great and irreparable injury of the plaintiffs in the use, farming and occupancy of said tract of land." No damages are sought for or asked in the prayer, and nothing whatever is said about damages in the evidence.    Where there is no pleading there can be no recovery.    Allegata and probata must correspond.    *Riley* v. *Jarvis,* 43 W. Va. 43.    This allegation of "irreparable injury" in the original bill is not a sufficient pleading of damages and was clearly not intended to be so.    It is a mere conclusion.    A plaintiff's demand for any specific relief must be set out with reasonable certainty, with facts and circumstances of time, place and manner as will fully disclose his demand and inform the defendant of what he has to meet.    The facts out of which his demand arises must be stated, and not merely conclusions of law. *Zell Guana Co.* v. *Heatherly,* 38 W. Va. 409. Without proper pleading no relief can be had.    In the bill there was no attempt to plead damages, none were asked, no evidence taken on that question, and no recovery, clearly indicating that the parties and the court considered that this question was in no way involved.

We are not unmindful of the principle that where equity jurisdiction has been obtained all incidental relief may be granted, and the cause retained for that purpose in order to avoid a multiplicity of suits and settle all questions in controversy between the parties growing out of the principal matter in litigation.    The court below took the view that inasmuch as plaintiffs might have so framed their injunction bill as to include damages, might have introduced evidence on that question, and ought to have done both, but failed or neglected to do either, then they should be estopped for that reason.    The weight of authority seems to be otherwise.    The two actions are separate and distinct.    One is

for the purpose of preserving an easement free and unob-
structed and to compel the removal of obstructions already
placed, peculiarly a subject of chancery jurisdiction; and
the other, assessment of damages, peculiarly a question for
a jury.    The plaintiffs are entitled to their trial by jury pre-
served to them by the constitution.    In the injunction suit
the right of way is the foundation of the action, and not the
damages suffered.    In many cases of this character no dam-
ages are involved, and especially is this true where the  ob-
struction is such as might usurp the right of way by ad-
verse user.    *Danielson* v. *Sykes*, 157 Cal. 686; *Swift* v.
*Coker*, 83 Ga. 789; *Schmocle* v. *Betz*, 212 Pa. St. 32.

The principle governing this case is well stated by the
Supreme Court of the United States as follows: ''As we un-
derstand the rule in respect to the conclusiveness of the ver-
dict and judgment in a former trial between the same par-
ties, where the judgment is used in pleading as a technical
estoppel or is relied on by way of evidence as conclusive,
per se, it must appear, by the record in the prior suit, that
the particular controversy sought to be concluded was neces-
sarily tried and determined, that is, if the record of the
former trial shows that the verdict could not have been rend-
ered without deciding the particular matter, it will be con-
sidered to have settled that matter as to all future actions
between the parties; and further, in cases in which the
record itself does not show that the matter was necessarily
and directly found by the jury, evidence aliunde consistent
with the record may be received to prove the fact, but even
where it appears from extrinsic evidence that the matter
was properly within the issue  controverted in the former
suit, if it be not shown that the verdict and judgment neces-
sarily involved its consideration and  determination it will
not be conclusive.''    *Steam Packet Co.* v. *Sickles*, 72 U.
S. 580.

Where a decree in a former suit is pleaded as a bar in a
subsequent suit about the same matter, not mere matters of
defense, in order to be a bar it must appear that the matter
in the last suit was in issue in the first, and that the pleadings
in the first suit were such that the court could have passed

upon such matters. *State* v. *McEldowney*, 54 W. Va. 695. Judge Poffenbarger further illustrates the principle as follows: "Take, for illustration, an executory contract for the sale of land. Circumstances entirely aside from the validity of the contract may constrain a court of equity to refuse specific performance of it, without declaring it invalid. Thereafter a court of law may entertain an action on it for damages. Here we have the same contract and the same parties, but the former suit would not conclude the latter. The causes of action are not the same. One is the assertion of a claim for damages for a breach of the contract, and the other a claim of right for specific performance." *Hudson* v. *Land & Mining Co.*, 71 W. Va. 403. See this case for a discussion of the principle involved here and citation of cases where it is applied. "The estoppel of a judgment extends only to the points directly involved in the action and decided, and not to any matter which was only incidentally cognizable or which came collaterally in question, although it may have arisen in the case and have been judicially passed on." 23 Cyc. 1309. See also *Henry* v. *Davis*, 13 W. Va. 230; and *Western M. & M. Co.* v. *Virginia Cannel Coal Co.*, 10 W. Va. 250, where it is held that to make a fact passed on in a former suit res judicata it must have been directly and not colaterally in issue in the former suit, and there decided. Further illustrative of the rule and peculiarly applicable to the question certified is the decision in *Piro* v. *Shipley*, 33 Penna. Super. Ct. Reports 278, wherein it is held: "Where in a suit in equity to restrain a trespass of a continuing and permanent character, it appears that neither in the pleadings, nor in the evidence, nor in the decree was any mention made whatever of damages, such suit is not res adjudicata of a subsequent action of trespass to recover actual and compensatory damages for the trespass, the further continuance of which was enjoined in the equity suit."

We are cited to *Gilbert* v. *Boak Fish Co.*, 86 Minn. 365, which holds exactly opposite to the decision of the Pennsylvania court just quoted. But it will be observed that this decision was influenced by the code practice adopted by

that state for it is stated therein that the code system of practice was undoubtedly designed to avoid a multiplicity of suits by enabling parties to settle and determine in one action all matters of difference between them arising out of or relating to the same transaction.    The bill in the case of *Inderleid* v. *Whaley,* 85 Hun. 63, cited, not only prayed for an injunction against the trespasses being committed by the defendant but sought damages as incidental to equitable relief, and the court held that under a proper state of facts the plaintiff was entitled to all damages sustained up to the time of judgment, and a recovery of damages would be a bar to a future suit for the same damages, that is, the damages accruing up to the time of the decree in the injunction suit. The case of *Alderson* v. *Horse Creek Land Co.,* 81 W. Va. 411, is different from the case under consideration.    Wingfield held a tax title to the land in litigation and Shrewsbury, trustee in bankruptcy, representing the former owner from whom the land was sold for taxes, sued to set aside the tax deed as a cloud on the title, which suit was successful and he, Shrewsbury, trustee, then sold the land at a trustee's sale to Geo. P. Alderson, who proceeded against the defendant Horse Creek Land Co. for an accounting for timber and coal taken from the land and for a partition of the land.    The defendant set up as a defense, among other things, that it was the owner of the entire lands, and had purchased a title to a part of the lands known as the Levassor title, which had been adjudged to be a superior title to that of Alderson, and that it was the owner of all the lands by reason of adverse possession under the tax deed as color of title.    Defendant insisted that the Levassor title was not set up as a matter of defense to the first suit, and that it was not necessary for it so to do in order to get the benefit of it as a defense, and that the said title was not involved upon the former hearing.    This contention was denied by this court which held that it was the duty of the defendant to set up in the first suit all its defenses, otherwise it would be precluded from so doing in the subsequent suit.    The opinion says:    ''Ordinarily but one opportunity is given a defendant to make defense, and if he fails to present all of

the matters which are available to defeat the plaintiff's right in whole or in part, he will be forever barred from thereafter presenting them.        This seems to be the well established doctrine of the authorities cited above.''        The authorities cited were to sustain point one of the syllabus, which must be read in connection with the facts of that case.        The subject matter in both suits was the title to the land, and the defense set up in the second suit was incident to and came within the legitimate purview of the subject matter, and it was the duty of defendant to plead that defense in the first suit or forever be barred from asserting it against the plaintiff. ''A judgment is not conclusive   of every question which might have been made in the case, as is sometimes erroneously said, but only of matters that had of necessity to be determined   before   the   judgment could have been   given.'' *Hart* v. *Bates,* 17 S. C. 35.        See also *Allebaugh* v. *Coakley,* 75 Va. 628, where it is held if the cause of action is divisible, or the pleadings involve two distinct propositions, it is competent to show that only one of them was submitted to and passed upon by the jury, where the judgment is relied upon as a bar.

We conclude that the decree in the injunction suit is not a bar to the present suit for damages, and so answer the question certified.

*Reversed and demurrer sustained.*