[No. 19936.　Department Two.　July 14, 1926.]

MRS. O. R. SPRAGUE, *Appellant*, v. EMMA J. ADAMS
*et al., doing business as the Rainbow Taxicab
Company, Respondents.*[1]

[1] ACTION (25)—JUDGMENT (213-2)—SPLITTING CAUSE OF ACTION.
Damages resulting from a single tort, even though they be
partly property damages and partly personal injury damages,
cannot be made the subject of separate suits against the de-
fendant, and a judgment for the property damages will be a
bar to another action for the personal injuries.

[2] APPEAL (371)—REVIEW—CORRECT DECISION ON ERRONEOUS
GROUND. The fact that the plaintiff, by contract with an in-
demnity company, has given the indemnity company the right
of subrogation entitling it to prosecute an action in plaintiff's
name for the property damages, does not give plaintiff the right
to split the causes of action or to obtain more than one recovery
for the tort.

Appeal from a judgment of the superior court for
King county, Douglas, J., entered January 26, 1926,
upon the verdict of a jury rendered in favor of the
defendants, in an action for personal injuries. Af-
firmed.

*Douglas T. Ballinger* and *Reynolds, Ballinger &
Hutson,* for appellant.

*Poe, Falknor, Falknor & Emory,* for respondents.

PARKER, J.—The plaintiff, Mrs. Sprague, seeks re-
covery of damages for personal injuries, which she
claims she suffered as the result of the negligent
operation of one of the defendants' taxicabs at a street
intersection in Seattle on September 22, 1924; claim-
ing that the defendants' taxicab was negligently driven
against her Ford sedan automobile which she was
driving, causing injuries to her person, for which she
seeks recovery.

[1]Reported in 247 Pac. 960.

The defendants, by their answer, denied the allegations of the complaint as to negligence and as to plaintiff's injury; pleaded, as a first affirmative defense, contributory negligence on her part as the proximate cause of whatever injuries she received; and further pleaded as a second affirmative defense, in substance, that in January, 1925, the plaintiff instituted, in a justice court of King county, against these same defendants an action wherein she sought recovery for damages to her Ford sedan automobile, alleged to have been occasioned by reason of the same accident or collision set forth in her cause of action in this action, in which justice court a trial of that action was had, resulting in a judgment in her favor and against these same defendants in the sum of $63 damages to her automobile, which judgment was thereafter duly paid and satisfied, and that the final judgment rendered in that action constitutes a final adjudication of all of plaintiff's claims for damage arising out of that alleged act of negligence on the part of the defendants.

This affirmative defense was demurred to by counsel for the plaintiff, upon the ground that it does not state facts sufficient to constitute a defense to this action. The demurrer was, by the superior court, sustained and an order entered accordingly; so that, in so far as the formal pleadings in this action show, that defense was not thereafter an issue in the trial of this case.

With the pleadings in this condition, the case proceeded to trial in the superior court for King county sitting with a jury, which trial resulted in a verdict awarding recovery to the plaintiff for her personal injuries in the sum of $360. Counsel for the defendants thereupon timely moved for judgment notwithstanding the verdict, upon the grounds (1) that the

evidence in the case shows that the plaintiff was not entitled to recovery by reason of her contributory negligence, and that the court should so decide as a matter of law; and (2) that the action became barred by the previous judgment rendered in the justice court, it appearing in the trial of this case, by admission of counsel, that such previous action and judgment was instituted and rendered as alleged in the plaintiff's second affirmative defense, though that was not an issue upon the trial according to the formal pleadings. This motion for judgment notwithstanding the verdict was by the superior court sustained, and formal judgment accordingly rendered in favor of the defendants, absolving them from all liability upon the alleged cause of action for damages for her personal injuries as claimed in her complaint in this action. From this disposition of the case in the superior court, the plaintiff has appealed to this court.

The recitals in the judgment in favor of respondents Adams *et al.*, notwithstanding the verdict rendered against them, do not disclose the ground upon which the trial judge so disposed of the case, but we think it evident from the record as a whole that such disposition of the case was by the trial judge rested upon the ground that admitted facts disclosed at the trial showed that the former action in the justice court was prosecuted by appellant against these respondents to final judgment and recovery was awarded therein upon the same cause of action upon which recovery is sought in this action; that is, that the claim for injury to appellant's automobile was rested upon the identical tort committed by respondents upon which this claim for appellant's personal injury is rested. At the close of the evidence touching the questions of respondents' negligence, appellant's contributory negligence and the extent of appellant's personal injuries, counsel for

respondents renewed their contention that appellant's recovery in this action was barred by the action and judgment in the justice court and offered proof of the institution and prosecution of that action to final judgment, as pleaded in their second affirmative defense. This was objected to by counsel for appellant, as we understand, not upon the technical ground because it was no longer an issue under the formal pleadings, but upon the ground that such facts would be no defense to this action. After hearing some argument, the trial judge, not the judge who had sustained the demurrer to that affirmative defense, ruled thereon as follows:

"I am constrained to conclude that the demurrer to this affirmative defense should not have been sustained, that it does state a good defense, and that the offer of proof—you will be permitted to make that proof."

After some further colloquy between the respective counsel and the court, it was admitted by counsel for appellant that the former action in the justice court had been commenced and prosecuted to formal judgment, as alleged in respondents' affirmative defense, and also that all the facts therein alleged were true; not admitting, however, that the alleged facts constituted a defense to this action, alleged as a conclusion in the affirmative defense. Counsel for appellant then made this offer of proof:

"That in the action in the justice court plaintiff's rights as far as her property damage, which was there sued for, were concerned, the same were subrogated to an insurance company, that the judgment was paid to the insurance company, that the insurance company by virtue of their contract with her had the right to bring a suit in her own name, that she had alienated whatever cause of action she had for property damage to them."

17—139 WASH.

The trial judge rejected this offer of proof, manifestly upon the theory that appellant could not split her cause of action by contracting that the insurance company might be subrogated to a portion of her damage claim against respondents, and thus compel respondents to defend more than one action for damages resulting to her from the single tort.

The trial judge did not submit the question of former adjudication to the jury, but let the case go to the jury as though that were not an issue in the case for them to consider. Indeed, these admitted facts relating to the former action were presented to the court in the absence of the jury. At that time the trial judge evidently proceeded upon the theory that these conceded facts, touching the question of the former action being a good defense to this action, presented necessarily only a pure question of law. It seems to us, in the light of all that occurred up to the actual submission of the case to the jury, that the trial judge really considered that he was reserving the question of law, as to whether or not the admitted facts touching the prior action constituted a defense to this action, for later final decision, prior to rendering final judgment, whether in favor of appellant upon the verdict or in favor of respondents notwithstanding the verdict, in the event the verdict should be in appellant's favor.

This somewhat extended statement has seemed to us necessary to render it clear that the question of res judicata, presented by respondent's second affirmative defense, came back into the case for the court's decision as a pure question of law, though it went out of the case as an issue under the formal pleadings when appellant's demurrer to respondents' second affirmative defense was sustained. Thus, we think, is effectually answered the contention of counsel for ap-

pellant that the trial court could not finally decide the question of the former action being a bar to this action, as a matter of law.

[1] It is well settled law in this state, as it seems to be universally elsewhere in common-law states and countries, that a claimant will not be permitted to split a single claim or cause of action which he may possess, and thereby put his opponent to the possible defense of one or more suits thereon. *Dawson v. Baum,* 3 Wash. Terr. 464, 19 Pac. 46; *Kline v. Stein,* 46 Wash. 546, 90 Pac. 1041, 123 Am. St. 940; *Collins v. Gleason,* 47 Wash. 62, 91 Pac. 566, 125 Am. St. 891; *Kinsey v. Duteau,* 126 Wash. 330, 218 Pac. 230; *White v. Miley,* 137 Wash. 80, 241 Pac. 670; 15 R. C. L. 965; 1 C. J. 1106.

There is some conflict of authority in this country on the question of whether or not a single tort resulting in property damage to the owner and also in personal injury damage to the owner is one indivisible claim or cause of action in favor of the person so damaged, within the rule against splitting of causes of action and subjecting the claimant's opponent to more than one suit therefor. We note in chronological order a number of the leading decisions rendered in this country holding to the rule that but one tort creates but one cause of action, though different items of damage may result from such tort. In 1888, the supreme judicial court of Massachusetts in *Doran v. Cohen,* 147 Mass. 342, 17 N. E. 647, holding to its formerly announced view on this subject, having under consideration a tort resulting in property damage to a sailboat and also personal injury damage to its owner at the same time, observed:

"The plaintiff could not legally maintain more than one action for the same tortious act. He could not di-

vide the tort, and have one action for the injury to his property and another for the injury to his person. *Bennett v. Hood*, 1 Allen, 47. *Trask v. Hartford & New Haven Railroad*, 2 Allen, 331. This is upon the ground that he could not maintain two suits for the same cause of action.''

In 1900, the supreme court of Minnesota in *King v. Chicago, M. & St. P. R. Co.*, 80 Minn. 83, 82 N. W. 1113, 81 Am. St. 238, 50 L. R. A. 161, held to this same view, having under consideration injuries to the person and injuries to the property of the same person resulting from a single tortious act. Noting the English decision by a divided court where, seemingly, the conflict of judicial opinion first appeared, the Minnesota court said:

''The leading case in favor of respondent's position arose in the English courts. *Brunsden v. Humphrey*, 14 Q. B. Div. 141. In that case a cabman had been run into by another vehicle, causing injury to the cabman and his cab. The court held that he might maintain two separate actions: 'Two separate kinds of injury were in fact inflicted, and two wrongs done. The mere negligent driving in itself, if accompanied by no injury to the plaintiff, was not actionable at all; for it was not a wrongful act at all till a wrong arose out of the damage which it caused. One wrong was done as soon as the plaintiff's enjoyment of his property was substantially interfered with. A further wrong arose as soon as the driving also caused injury to the plaintiff's person. Both causes of action, in one sense, may be said to be founded upon one act of defendant's servant, but they are not on that account identical causes of action.' But the refined reasoning of this part of the opinion is destroyed by the common-sense, practical argument of Chief Justice Coleridge in a dissenting opinion: 'It appears to me that whether the negligence of the servant, or the impact of the vehicle which the servant drove, be the technical cause of action, equally the cause is one and the same. That the in-

jury done to the plaintiff is injury done to him at one and the same moment by one and the same act, in respect of different rights (i. e. his person and his goods), I do not in the least deny; but it seems to me a subtlety not warranted by law that a man cannot bring two actions if he is injured in his arm and in his leg, but can bring two if, besides his arm and leg being injured, his trousers which contain his leg, and his coat sleeve which contains his arm, have been torn.' . . . We are of the opinion that the cause of the action consists of the negligent act which produced the effect, rather than in the effect of the act in its application to different primary rights, and that the injury to the person and property as a result of the original cause gives rise to different items of damage.''

In 1906, the supreme court of Tennessee in *Mobile & O. R. Co. v. Matthews,* 115 Tenn. 172, 91 S. W. 194, holding to this same view, having under consideration property damage and personal injury damage resulting from the same tortious act, said:

''But in this case there is but one cause of action sued upon. The negligent action of the plaintiff in error constituted but one tort. The injuries to the person and property of the defendant in error were the several results and effects of one wrongful act. A single tort can be the basis of but one action. It is not improper to declare in different counts for damages to the person and property when both result from the same tort, and it is the better practice to do so where there is any difference in the measure of damages, and all the damages sustained must be sued for in one suit. This is necessary to prevent multiplicity of suits, burdensome expense, and delays to plaintiffs, and vexatious litigation against defendants. If necessary to prevent confusion in ascertaining the damages to be recovered for different injuries, separate verdicts may be directed. . . . Indeed, if the plaintiff fail to sue for the entire damage done him by the tort, a second action for the damages omitted will be precluded by the judgment in the first suit brought and tried.

*Southern R. Co. v. Brigman,* 95 Tenn. 628, 32 S. W. 762.''

True, this was said in answer to a claim that there were two causes of action improperly united, that is, one for property damage and one for personal injury damage, but the holding was rested upon the theory that the suit was bound to be presented as one cause of action. In 1916, the court of appeals of Kentucky in *Cassidy v. Berkovitz,* 169 Ky. 785, 185 S. W. 129, having under consideration property damage and personal injury damage resulting from the same tort to the same person, made this pertinent observation:

''The injuries to appellee and to his horse and wagon were the result of the same accident, and constituted but a single cause of action against the defendants which could and should have been included in one action against them. It is against the policy of the law to permit a plaintiff to split his cause of action and institute two or more actions for different parts thereof, and it is a well-established principle that, where a plaintiff has filed a suit and had trial upon a cause of action, the judgment rendered therein is a bar to another proceeding based upon the same cause of action; that it was his duty in one action to set up all items of damages which resulted to him from the accident.''

The latest judicial expression touching this subject, which has been brought to our notice, we find in the opinion of the Pennsylvania supreme court, rendered in 1922 in *Fields v. Philadelphia Rapid Transit Co.,* 273 Pa. St. 282, 117 Atl. 59, wherein the court, having under consideration property damage and personal injury damage suffered by a person from one tortious act, held strongly to the views expressed in the opinions above noticed, observing as follows:

''Whether injuries to person and property by the same act, may be redressed in separate suits, has been the subject of frequent discussion, and the results

reached are in conflict. The English rule, fixed by a divided court, first found expression in *Brunsden v. Humphrey,* 14 Q. B. 141, and is based on the proposition that the cause of action rests not on the negligent act, but on the consequence of the wrong, from which it is argued that separate proceedings may be instituted for the different injuries as they accrue. This conclusion has been followed in three American states, but is opposed by the weight of authority. The majority view is well set forth in *McKnight v. Minneapolis St. Ry.,* 127 Minn. 207, 149 N. W. 131, L. R. A. 1916D, 1164. Many cases showing the divergence of opinion will be found in notes to 50 L. R. A. 161; 36 L. R. A. (N. S.) 240; L. R. A. 1916B, 743; 1 R. C. L. 347. It, therefore, becomes necessary to determine what constitutes the cause of action in Pennsylvania. Is it the violation of the duty which the defendant owes to exercise due care, or the damage which flows from the wrong? This court has defined it to be (*Martin v. Pittsburg Rys., Co.,* 227 Pa. 18, 75 Atl. 837, 26 L. R. A. (N. S.) 1221, 19 Ann. Cas. 818), 'the negligent act or acts which occasioned the injury.' It 'is that which produces or effects the results complained of.' *Noonan v. Pardee,* 200 Pa. 474, 482, 50 Atl. 255, 256 (55 L. R. A. 410, 86 Am. St. Rep. 722). And these declarations are in accord with the reasoning of the earlier authorities. *Owen v. Western Savings Fund,* 97 Pa. 47, 39 Am. Rep. 794; *Moore v. Juvenal,* 92 Pa. 484. The exact point here in question does not seem to have been discussed in any of our decided cases, but the controlling principle has been fixed, as stated. . . . If the cause of action is the wrongful act, and we so hold, then all of the damages sustained thereby, whether to person or property, are properly sought in one suit. A plaintiff is bound by his former recovery for a part, and cannot maintain a second action for an item which he saw fit to omit, in the absence of some special circumstances excusing the neglect. 2 A. L. R. 534, note. It matters not that the first suit was brought, as here, in a court of limited jurisdiction. *Carvill v. Garrigues,* 5 Pa. 152.''

The two leading cases in this country holding to the English view established, as we have seen, by a divided court, seem to be: *Reilly v. Sicilian Asphalt Paving Co.*, 170 N. Y. 40, 62 N. E. 772, 88 Am. St. 636, 57 L. R. A. 176, and *Ochs v. Public Service R. Co.*, 81 N. J. L. 661, 80 Atl. 495, Ann. Cas. 1912D 255, 36 L. R. A. (N. S.) 240. There are one or two other American courts of last resort holding to this view, one of which seems to be the supreme court of California, though its decisions seem to rest largely upon the peculiar statute of that state, which seems to prohibit causes for injury to persons and causes for injury to property being united in one action.

We are of the opinion that the decided weight of authority in this country supports the view that damages resulting from a single tort, even though such damages be partly property damages and partly personal injury damages, are, when suffered by one person, the subject of only one suit as against the wrongdoer.

[2] Contention is further made in behalf of appellant rested upon the theory that the insurance company became subrogated to the rights of appellant to the extent that the insurance company would have the right to prosecute the action in her name for the damage to her automobile. The fallacy of this contention, as we view it, lies in the fact that whatever subrogation rights the insurance company acquired were necessarily acquired by it by contract with appellant. She could no more so split her cause of action, and thus prejudice the right of respondents to answer for their single tort in a single action, than she could accomplish that end by direct assignment of a portion of her cause of action; and this she could not do any more than she could split her cause of action by herself commencing and prosecuting separate actions for each separate

item of damage.   1 C. J. 1110.   Our inquiry here is, not what rights the insurance company may have so acquired in appellant's claim of damage with respect to her automobile as between herself and the insurance company, but it is a question of whether or not respondents shall be subjected to more than one suit for their single tort.

We are of the opinion that the judgment rendered in respondents' favor notwithstanding the verdict must be affirmed.   It is so ordered.

TOLMAN, C. J., MACKINTOSH, MITCHELL, and MAIN, JJ., concur.