FITZROY F. PILLSBURY *vs.* KESSLEN SHOE COMPANY.

York.　　Opinion, August 1, 1939.

*Louis B. Lausier,*
*William P. Donahue,* for plaintiff.
*Waterhouse, Titcomb & Siddall,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

THAXTER, J.    September 9, 1935, this plaintiff commenced an action against this defendant to recover for personal injuries received in a collision between the defendant's truck and the plaintiff's automobile. A verdict was rendered for the plaintiff for $6,750 and judgment was entered for such amount together with costs and interest. February 18, 1937, this action was commenced to recover for damages to the plaintiff's automobile resulting from the same collision. The defendant pleaded the former judgment in bar of the action. The plea was sustained and the action dismissed. The plaintiff excepted.

The plaintiff claims that two separate causes of action arise from a negligent act which inflicts injury on both a person and on his property and that a judgment recovered in an action for personal injuries is not a bar to an action to recover for damages to the property.

With this contention we can not agree. In *Anderson* v. *Wetter,* 103 Me., 257, 265, 69 A., 105, the Court cites with approval the

following definition of a cause of action from Pomeroy, Remedies, Sec. 452: "The primary right belonging to the plaintiff and the corresponding duty belonging to the defendant, and the delict or wrong done by the defendant, consisting in a breach of such primary right or duty, constitute a cause of action."

In *Braithwaite* v. *Hall*, 168 Mass., 38, 46 N. E., 398, the plaintiff brought suit to recover for personal injuries and for the destruction of his bicycle caused by a collision with the defendant's carriage. There was a demurrer to the declaration on the ground that it joined two causes of action. In overruling the demurrer Holmes, J., said, 168 Mass., at page 39, 46 N. E., at page 399: "The single collision which caused the damage to the plaintiff's person and to his bicycle was one cause of action."

It may be true that the exact point here raised has not been before this Court but from analogous cases we are assured what the Court would have done had the exact issue been presented.

In *Foss* v. *Whitehouse*, 94 Me., 491, 48 A., 109, it appears that the plaintiff had refused to pay a tax which he claimed to have paid. On being committed to jail he paid it and then brought against the collector two actions, one for money had and received and the other for unlawful imprisonment. In holding that a judgment in one would bar an action in the other, the Court, 94 Me., at page 497, 48 A., at page 112, used language which is very pertinent on the issue now before us:

"It is common learning that a plaintiff cannot thus split up a cause of action and bring several actions for the different items of damage resulting from the one cause of action. If he does bring an action for some only of such items of damage, he is barred from bringing another action for any other items of damage from the same cause."

In *Corey et al.* v. *Independent Ice Co. et al.*, 106 Me., 485, 76 A., 930, the general rule is laid down that ordinarily a judgment between the same parties or their privies is a bar to another suit for the same cause of action, and is conclusive not only as to all matters which were tried in the first action but as to all matters which might have been tried.

See to the same effect *Emerson* v. *Lewiston, Augusta & Waterville Street Railway,* 116 Me., 61, 100 A., 3.

These cases are indications of the natural aversion of the court to protracted litigation and multiplicity of action. It is against public policy that controversies should not have an end; the public should not be called on to bear the expense of two trials where one will suffice. Nor should parties be called on to pay the bills for two suits where one only is necessary.

The decided weight of authority is that in such a case as the one now before us there is but one cause of action with different elements of damage arising from it and that the recovery of a judgment for personal injuries is a bar to an action for property damage occasioned by the same accident. *Doran* v. *Cohen,* 147 Mass., 342, 17 N. E., 647; *Braithwaite* v. *Hall,* supra; *King* v. *Chicago, Milwaukee & St. Paul Railway Company,* 80 Minn., 83, 82 N. W., 1113; *Georgia Railway & Power Company* v. *Endsley,* 167 Ga., 439, 145 S. E., 851; *Cassidy* v. *Berkovitz,* 169 Ky., 785, 185 S. W., 129; *Coy* v. *St. Louis and San Francisco Railroad Company,* 186 Mo. App., 408, 172 S. W., 446; *Kimball* v. *Louisville & Nashville Railroad Company,* 94 Miss., 396, 48 So., 230; *Fields* v. *Philadelphia Rapid Transit Co.,* 273 Pa., 282, 117 A., 59; *Sprague* v. *Adams,* 139 Wash., 510, 247 P., 960; *Mobile & Ohio Railroad Company* v. *Matthews,* 115 Tenn., 172, 91 S. W., 194, 3 Ann. Cas., Note 465.

*Exception overruled.*